```
                    Environmental Court of Vermont
                            State of Vermont

=========================================================================
                E N T R Y   R E G A R D I N G   M O T I O N
=========================================================================
```

Carson A250 JO #3-118                        Docket No. 13-1-08 Vtec
Project:     Carson LUP #3R0133-4
Applicants:  Kenneth & Sally Ann Carson
Appellant :  Beverly Grimes
             (Appeal from District 3 Environmental Commission Decision)

Title: Motion for Summary Judgment, No. 3

Filed:       August 13, 2008

Filed By: C. Daniel Hershenson, Attorney for Appellant Beverly Grimes

Response filed on 08/29/08 by Appellees Kenneth & Sally Ann Carson


___ Granted              _X_ Denied              ___ Other

___ Scheduled for hearing on: _____ at _____; Time Allotted _____


        Summary judgment is only appropriate when there are no genuine
issues of material fact in dispute.  V.R.C.P. 56(c)(3).  Here, each party
has presented material facts, many disputed by the other party, upon which
they conclude that this Court should rule as a matter of law on whether
the Carsons' shed requires an amendment to their Act 250 Permit.  This
type of ruling requires us to consider whether the shed constitutes a
"change" that is "material" to a pre-existing, permitted development under
Vermont Natural Resources Board Act 250 Rule 34(A).

        Act 250 Rule 2(C)(6) defines a "material change" as "any change . .
. which has a significant impact on any finding, conclusion, term or
condition of the project's permit and which may result in an impact with
respect to any of the criteria specified in 10 V.S.A. Section 6086(a)(1)
through (a)(10)."  (Emphasis added.)

        Material facts are currently in dispute as to whether the Carsons'
shed has the type of significant impact described in Act 250 Rule 2(C)(6).
In particular, the parties dispute whether the complained-of shed is the
type of structure that is restricted to the "proposed house site" area
identified in the Carsons' pre-existing Act 250 permit and whether the
elevated location of the shed, in and of itself, is of such significance
as to cause a material impact, as defined under Act 250 Rule 2(C)(6).
Such analysis requires us to make factual determinations concerning the
complained-of shed and to thereafter make a legal determination of whether
the shed "has a significant impact on any finding, conclusion, term or
condition of the project's permit and which may result in an impact with
respect to any of the [Act 250] criteria."  Id.

Material facts are in dispute as to all these factual issues; summary judgment is therefore inappropriate.  V.R.C.P. 56(c)(3).  For all of these reasons, both requests for summary judgment are **DENIED**.[*]

_____     ___October 6, 2008_____
     Thomas S. Durkin, Judge                          Date
=======================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
     C. Daniel Hershenson, attorney for Appellant Beverly Grimes
     David Grayck, attorney for Appellees Kenneth & Sally Ann Carson
     Co-Counsel for Appellees, Zachary K. Griefen
     For Informational Purposes Only, Natural Resources Board/LU Panel
     (c/o Melanie Kehne, Esq.)

---

[*]   **Appellee Carsons' memorandum in opposition to Appellant's summary judgment motion contains a request that the Court enter summary judgment in Appellees' favor on the legal issues of whether the complained-of shed is a change that is material to or regulated by the previously-issued permit.  Because material facts are in dispute, and for the reasons noted above, we conclude it inappropriate at this time to enter the requested summary rulings.**